UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>DENNYS A. TAPIA, :<br>:<br>Defendant. : | Criminal Action No. 2:20-cr-01044-SRC<br><br>OPINION |

**CHESLER**, District Judge

This matter comes before the Court on the motion for early termination of supervised release by Defendant Dennys Tapia ("Tapia"). Plaintiff United States of America ("the Government") does not oppose Tapia's request. For the reasons stated below, the motion will be granted.

Tapias pled guilty to conspiracy to commit bank fraud on December 3, 2020. Dkt. No. 3. On September 10, 2021, Tapia was sentenced to fifteen months imprisonment followed by two years of supervised release and ordered to pay $182,508.34 in restitution. Dkt. No. 15. Tapia's supervision began on January 9, 2023. He filed the instant motion on January 5, 2024. Dkt. No. 19. Neither the Government nor the United States Probation Office oppose Tapia's motion.

The relevant statutory provision, 18 U.S.C. § 3583(e), states:

The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the

>provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The Court may only provide relief if, after considering these factors, "it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." Id. The Court is not required to make specific findings of fact; a statement that the Court has considered the statutory factors is sufficient. Id. at 53. "[E]xtraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." Id. (citing United States v. Murray, 692 F.3d 273, 279 (3d Cir. 2012)) (emphasis in original). However, "generally, early termination of supervised release under § 3883(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." Id. (quoting United States v. Davis, 746 F. App'x 86, 89 (3d Cir. 2018)) (internal quotations and modifications omitted). The defendant has the burden to prove that early termination is warranted. United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989).

The Court has considered the statutory factors and determined that, in the absence of any opposition from the Government or Probation, early termination is warranted by the Defendant's conduct and is in the interests of justice. An appropriate order will follow.

   s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: February 8, 2024

2